IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Benjamin Robinson, Jr., | ) |
|            Plaintiff, | ) C/A No.: 6:08-3551-MBS |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | ) |
|            Defendant. | ) |

Plaintiff Benjamin Robinson, Jr. protectively filed an application for supplemental security income on November 7, 2003, as well as an application for a period of disability and disability insurance benefits on January 7, 2004. Plaintiff alleges disability commencing July 3, 2002 because of chronic obstructive pulmonary disease, right shoulder injury with a history of rotator cuff repair; cervical degenerative disc disease; diabetes; and sleep apnea. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on May 18, 2005. On September 28, 2006, the ALJ issued a decision that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. On August 22, 2008, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe. On January 29, 2010, the Magistrate Judge filed a Report of Magistrate Judge in which he determined that the ALJ (1) failed to properly

evaluate the opinions of Plaintiff's treating physician, Dr. Duc of Pain Associates of Charleston; (2) failed to perform a proper analysis of Plaintiff's residual functional capacity; and (3) failed to include all of Plaintiff's limitations and restrictions in the hypothetical question to the vocational expert. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. The Magistrate Judge further noted that the ALJ should be instructed to properly evaluate whether jobs are available to Plaintiff in the national economy, given his residual functional capacity, age, education, and work experience. On February 16, 2010, the Commissioner filed a notice that he would not file objections to the Report.

The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Therefore,

It is ORDERED that the Commissioner's decision be reversed pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in

2

the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 18, 2010.